United States Bankruptcy Court
Western District of Virginia

IN RE:   Case No. **14-62497**
**Cheek, Michael Shane & Cheek, Deborah Bryant**   Chapter **13**
Debtor(s)

## CHAPTER 13 PLAN AND RELATED MOTIONS

This plan, dated **December 29, 2014**, is:

[X] the first Chapter 13 plan filed in this case.
[ ] a modified Plan that replaces the
    [ ] confirmed or [ ] unconfirmed Plan dated _____ .

Date and Time of Modified Plan Confirmation Hearing:


Place of Modified Plan Confirmation Hearing:


The plan provisions modified by this filing are:


Creditors affected by this modification are:


NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.

This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.</u>

The debtor(s)' schedules list assets and liabilities as follows:

    Total Assets: $ **249,924.21**
    Total Non-Priority Unsecured Debt: $ **63,935.22**
    Total Priority Debt: $ **7,382.79**
    Total Secured Debt: $ **133,157.48**

1. **Funding of Plan.** The debtor(s) propose to pay the Trustee the sum of $ **varies**[1] per **month** for **42** months. Other payments to the Trustee are as follows:
[1] **42 payments of $2,000.00**

    The total amount to be paid into the Plan is $ **84,000.00** .

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.
    A. **Administrative Claims under 11 U.S.C. § 1326.**
        1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
        2. Debtor(s)' attorney will be paid $ **2,771.00** balance due of the total fee of $ **2,900.00** concurrently with or prior to the payments to remaining creditors.

        (a) The $ **2,771.00** in Debtor(s)' attorney's fees to be paid by the Chapter 13 Trustee are broken down as follows:
            (i) $ **2,771.00**: Fees to be approved, or already approved, by the Court at initial plan confirmation;
            (ii) $ _____ : Additional pre-confirmation or post-confirmation fees already approved by the Court by separate order or in a previously confirmed modified plan [ECF # ___ : $ ___ ; ECF # ___ : $ ___ ];
            (iii) $ _____ : Additional post-confirmation fees being sought in this modified plan, which fees will be approved when this plan is confirmed;

**B. Claims under 11 U.S.C. §507.**
The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| Commonwealth Of VA Dept Of Taxation | Income Taxes- 2013 | 726.12 | Pro-rata |
| Internal Revenue Service | Income Taxes- 2013 | 6,405.14 | Pro-rata |
| Robin F. Jefferson, Treasurer | Personal Property Taxes- 2014 | 251.53 | Pro-rata |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

**A. Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan. The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Estimated Debt Bal. | Replacement Value |
|---|---|---|---|---|
| None | | | | |

**B. Real or Personal Property to be Surrendered.** Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral. **See Paragraph 11 herein below.**

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| None | | | |

**C. Adequate Protection Payments.** The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| None | | | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D. Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):** This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less,** with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. Of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term |
|---|---|---|---|---|
| None | | | | |

E. **Other Debts.** Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

4. **Unsecured Claims.**

   **A. Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately **100.00** %. If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately **0.00** %.

   **B. Separately classified unsecured claims.**

   | Creditor | Basis for Classification | Treatment |
   |---|---|---|
   | None | | |

5. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).** See Paragraph 11 herein below.

   **A. Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

   | Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
   |---|---|---|---|---|---|---|
   | Wells Fargo Dealer Services | 2011 Toyota Camry | 360.00 | 0.00 | 0.00% | 0--1 | n/a |
   | Wells Fargo Home Mortgage | Real Property | 777.00 | 0.00 | 0.00% | 0--1 | n/a |

   **B. Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

   | Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate on Arrearage | Monthly Payment on Arreargae & Est. Term |
   |---|---|---|---|---|---|
   | None | | | | | n/a |

   **C. Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

   | Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Payment & Term |
   |---|---|---|---|---|
   | None | | | | |

6. **Executory Contracts and Unexpired Leases.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

   **A. Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

   | Creditor | Type of Contract |
   |---|---|
   | None | |

   **B. Executory Contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

   | Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
   |---|---|---|---|---|

Ntelos                             Cellular Telephone Contract
YMCA                               Gym Membership
Dish Network                       TV

7. **Liens Which Debtor(s) Seek to Avoid.**

   A. **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

   | Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
   
   **None**

   B. **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

   | Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |

   **None**

8. **Treatment and Payment of Claims.**

   - All creditors must timely file a proof of claim to receive payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.
   - The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

9. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10. **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

11. **Other provisions of this plan:**

    A. Any unsecured proof of claim for a deficiency which results from the surrender and liquidation of the collateral noted in paragraph 3.B of this plan must be filed by the earlier of the following dates or such claim will be forever barred: (1) within 180 days of the date of the first confirmation order confirming a plan which provides for the surrender of said collateral, or (2) within the time period set for the filing of an unsecured deficiency claim as established by any order granting relief from the automatic say with respect to said collateral.
    Said unsecured proof of claim for a deficiency must include appropriate documentation establishing that the collateral surrendered has been liquidated, and the proceeds applied, in accordance with applicable state law.

    B. Any fees, expenses, or charges accruing on claims set forth in paragraph 5A or 5B of this Plan which are noticed to the debtor pursuant to Bankruptcy Rule 3002.1(c) shall not require modification of the debtor's plan to pay them. Instead, any such fees, expenses, or charges shall, if allowed, be payable by the debtor outside the Plan unless the debtor chooses to modify the plan to provide for them.

Dated: **December 30, 2014**                        /s/ Michael Shane Cheek
                                                    Debtor
/s/ Margaret C. Valois   Margaret C Valois          /s/ Deborah Bryant Cheek
Debtor(s)' Attorney                                 Joint Debtor

**James River Legal Associates**
**7601 Timberlake Road**
**Lynchburg, VA  24502**

(434) 845-4529

**Exhibits:** Copy of Debtor(s)' Budget (Schedules I and J);
Matrix of Parties Served with plan

Certificate of Service

I certify that on ~~December 20, 2014~~ January 2, 2015, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

/s/ Margaret C. Valois
Signature

**James River Legal Associates**
**7601 Timberlake Road**
**Lynchburg, VA 24502**
**(434) 845-4529  Fax: (434) 845-853**

Ver. 09/17/09 [effective 12/01/09]

Bank Of America
ATTN Bankruptcy
PO Box 982235
El Paso, TX  79998-2235

Care Credit/ Synchrony Bank
PO Box 965036
Orlando, FL  32896-5036

Commonwealth Of VA Dept Of Taxation
Court Debt Collections Office
Po Box 2402
Richmond, VA  23218-2402

Internal Revenue Service
Department Of The Treasury
Kansas City, MO  64999

Internal Revenue Service
Insolvency Unit
PO Box 7317
Philadelphia, PA  19101

Kohl's Credit Card
PO Box 3043
Milwaukee, WI  53201

Ntelos
PO Box 580113
Charlotte, NC  28258-0113

Robin F. Jefferson, Treasurer
Campbell County, Virginia
PO Box 37
Rustburg, VA  24588-0037

Wells Fargo Dealer Services
PO Box 1697
Winterville, NC  28590-1697

Capital One Bank
PO Box 30285
Salt Lake City, UT  84130-0285

Citibank, N.A.
100 Citibank Drive
San Antonio, TX  78245

Credit One Bank
ATTN Bankruptcy
PO Box 98873
Las Vegas, NV  89193-8873

Internal Revenue Service
Insolvency Unit
400 N 8th St  No. 76
Richmond, VA  23219

Internal Revenue Service
Insolvency Unit
400 N 8th St Ste 76
Richmond, VA  23219-4836

National Tire & Battery/ Citibank
PO Box 6497
Sioux Falls, SD  57117-6497

Peebles/ Comenity Bank
PO Box 182789
Columbus, OH  43218-2789

Virginia Department Of Taxation
Legal Unit
PO Box 2156
Richmond, VA  23218-2156

Wells Fargo Home Mortgage
PO Box 10335
Des Moines, IA  50306-0335

**Fill in this information to identify your case:**

Debtor 1    Michael Shane Cheek
            First Name      Middle Name      Last Name

Debtor 2    Deborah Bryant Cheek
(Spouse, if filing) First Name   Middle Name   Last Name

United States Bankruptcy Court for the: Western District of Virginia

Case number
(If known) _____

Check if this is:

☐ An amended filing
☐ A supplement showing post-petition chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form 6I
# Schedule I: Your Income                                                             12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Employment status | ☑ Employed<br>☐ Not employed | ☑ Employed<br>☐ Not employed |
| | Occupation | Teacher | School Psychologist |
| | Employer's name | Hope Haven Day School | Campbell County |
| | Employer's address | 200 Blairs Middle School Cir<br>Number Street | PO Box 100<br>Number Street |
| | | Blairs, VA  24527-2452<br>City    State    ZIP Code | Rustburg, VA  24588-0100<br>City    State    ZIP Code |
| | How long employed there? | 3 years | 20 years |

### Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. 2. | $ 3,917.00 | $ 6,085.92 |
| 3. | Estimate and list monthly overtime pay. 3. | + $ 0.00 | + $ 0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. 4. | $ 3,917.00 | $ 6,085.92 |

Official Form 6I                              Schedule I: Your Income                              page 1

Debtor 1  **Michael Shane Cheek**  
　　　　First Name　Middle Name　Last Name

Case number (if known) _____

|  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| Copy line 4 here ................................................................. → 4. | $ 3,917.00 | $ 6,085.92 |

5. List all payroll deductions:

| | | |
|---|---|---|
| 5a. Tax, Medicare, and Social Security deductions　　5a. | $ 788.93 | $ 1,254.26 |
| 5b. Mandatory contributions for retirement plans　　5b. | $ 0.00 | $ 0.00 |
| 5c. Voluntary contributions for retirement plans　　5c. | $ 0.00 | $ 0.00 |
| 5d. Required repayments of retirement fund loans　　5d. | $ 0.00 | $ 0.00 |
| 5e. Insurance　　5e. | $ 0.00 | $ 612.50 |
| 5f. Domestic support obligations　　5f. | $ 0.00 | $ 0.00 |
| 5g. Union dues　　5g. | $ 0.00 | $ 0.00 |
| 5h. Other deductions. Specify: **See Schedule Attached**　　5h. | +$ 0.00 | +$ 991.80 |

6. Add the payroll deductions. Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h.　6. $ 788.93　$ 2,246.06

7. Calculate total monthly take-home pay. Subtract line 6 from line 4.　7. $ 3,128.07　$ 3,839.86

8. List all other income regularly received:

　8a. Net income from rental property and from operating a business, profession, or farm  
　　Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.　8a. $ 0.00　$ 0.00

　8b. Interest and dividends　8b. $ 0.00　$ 0.00

　8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive  
　　Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.　8c. $ 0.00　$ 0.00

　8d. Unemployment compensation　8d. $ 0.00　$ 0.00

　8e. Social Security　8e. $ 0.00　$ 0.00

　8f. Other government assistance that you regularly receive  
　　Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.  
　　Specify: _____　8f. $ 0.00　$ 0.00

　8g. Pension or retirement income　8g. $ 0.00　$ 0.00

　8h. Other monthly income. Specify: **See Schedule Attached**　8h. +$ 75.00　+$ 80.00

9. Add all other income. Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h.　9. $ 75.00　$ 80.00

10. Calculate monthly income. Add line 7 + line 9.  
　　Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.　10. $ 3,203.07 + $ 3,919.86 = $ 7,122.93

11. State all other regular contributions to the expenses that you list in *Schedule J*.  
　　Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.  
　　Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.  
　　Specify: _____　11. +$ 0.00

12. Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income.  
　　Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data*, if it applies   12. $ 7,122.93  
　　　Combined monthly income

13. Do you expect an increase or decrease within the year after you file this form?  
　　☒ No.  
　　☐ Yes. Explain: | None |

Official Form 6I　　　　Schedule I: Your Income　　　　page 2

IN RE **Cheek, Michael Shane & Cheek, Deborah Bryant**　　　　　　Case No. _____
　　　　　　　　　　　　　　　　Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)
### Continuation Sheet - Page 1 of 1

|  | DEBTOR | SPOUSE |
|---|---:|---:|
| Other Payroll Deductions: | | |
| Dental | 0.00 | 52.50 |
| Retirement | 0.00 | 304.30 |
| Health | 0.00 | 560.00 |
| HSA- Empl Contr-FX | 0.00 | 75.00 |
| Other monthly income: | | |
| Musician | 75.00 | 0.00 |
| Travel Reimbursement From Campbell Co Schools | 0.00 | 80.00 |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**Fill in this information to identify your case:**

Debtor 1  __Michael Shane Cheek__
  First Name   Middle Name   Last Name

Debtor 2  __Deborah Bryant Cheek__
(Spouse, if filing) First Name   Middle Name   Last Name

United States Bankruptcy Court for the: Western District of Virginia

Case number _____
(If known)

Check if this is:

☐ An amended filing
☐ A supplement showing post-petition chapter 13 expenses as of the following date:
  _____
  MM / DD / YYYY
☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

Official Form 6J

# Schedule J: Your Expenses                                                                     12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Your Household

**1. Is this a joint case?**

☐ No. Go to line 2.
☑ Yes. Does Debtor 2 live in a separate household?

  ☑ No
  ☐ Yes. Debtor 2 must file a separate Schedule J.

**2. Do you have dependents?**
Do not list Debtor 1 and Debtor 2.
Do not state the dependents' names.

☐ No
☑ Yes. Fill out this information for each dependent............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Daughter | 16 | ☐ No  ☑ Yes |
| Son | 15 | ☐ No  ☑ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |

**3. Do your expenses include expenses of people other than yourself and your dependents?**

☑ No
☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I.)

**Your expenses**

4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot.      4.    $    777.00

If not included in line 4:

4a.  Real estate taxes                4a.   $    0.00
4b.  Property, homeowner's, or renter's insurance      4b.   $    0.00
4c.  Home maintenance, repair, and upkeep expenses    4c.   $    50.00
4d.  Homeowner's association or condominium dues      4d.   $    0.00

Official Form 6J                Schedule J: Your Expenses                                    page 1

Debtor 1  **Michael Shane Cheek**  
       First Name    Middle Name    Last Name

Case number (if known) _____

**Your expenses**

| | | |
|---|---|---|
| 5. Additional mortgage payments for your residence, such as home equity loans | 5. | $ 0.00 |
| 6. Utilities: | | |
|    6a. Electricity, heat, natural gas | 6a. | $ 300.00 |
|    6b. Water, sewer, garbage collection | 6b. | $ 0.00 |
|    6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ 360.00 |
|    6d. Other. Specify: _____ | 6d. | $ 0.00 |
| 7. Food and housekeeping supplies | 7. | $ 1,200.00 |
| 8. Childcare and children's education costs | 8. | $ 0.00 |
| 9. Clothing, laundry, and dry cleaning | 9. | $ 200.00 |
| 10. Personal care products and services | 10. | $ 40.00 |
| 11. Medical and dental expenses | 11. | $ 300.00 |
| 12. Transportation. Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ 600.00 |
| 13. Entertainment, clubs, recreation, newspapers, magazines, and books | 13. | $ 100.00 |
| 14. Charitable contributions and religious donations | 14. | $ 100.00 |
| 15. Insurance. Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
|    15a. Life insurance | 15a. | $ 144.00 |
|    15b. Health insurance | 15b. | $ 0.00 |
|    15c. Vehicle insurance | 15c. | $ 140.00 |
|    15d. Other insurance. Specify: **Cancer Insurance** | 15d. | $ 118.00 |
| 16. Taxes. Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. | $ 0.00 |
| 17. Installment or lease payments: | | |
|    17a. Car payments for Vehicle 1 | 17a. | $ 361.00 |
|    17b. Car payments for Vehicle 2 | 17b. | $ 0.00 |
|    17c. Other. Specify: _____ | 17c. | $ 0.00 |
|    17d. Other. Specify: _____ | 17d. | $ 0.00 |
| 18. Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 6I). | 18. | $ 0.00 |
| 19. Other payments you make to support others who do not live with you. Specify: _____ | 19. | $ 0.00 |
| 20. Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*. | | |
|    20a. Mortgages on other property | 20a. | $ 0.00 |
|    20b. Real estate taxes | 20b. | $ 0.00 |
|    20c. Property, homeowner's, or renter's insurance | 20c. | $ 0.00 |
|    20d. Maintenance, repair, and upkeep expenses | 20d. | $ 0.00 |
|    20e. Homeowner's association or condominium dues | 20e. | $ 0.00 |

Official Form 6J                   Schedule J: Your Expenses                   page 2

Debtor 1  **Michael Shane Cheek**
　　　　　First Name　Middle Name　Last Name

Case number (if known) _____

| | | |
|---|---|---|
| 21. Other. Specify: _____ | 21. | +$ 0.00 |
| 22. **Your monthly expenses.** Add lines 4 through 21.<br>The result is your monthly expenses. | 22. | $ 4,790.00 |

23. **Calculate your monthly net income.**

| | | |
|---|---|---|
| 23a. Copy line 12 (*your combined monthly income*) from *Schedule I*. | 23a. | $ 7,122.93 |
| 23b. Copy your monthly expenses from line 22 above. | 23b. | – $ 4,790.00 |
| 23c. Subtract your monthly expenses from your monthly income.<br>The result is your *monthly net income*. | 23c. | $ 2,332.93 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.
☐ Yes.　None

Official Form 6J　　Schedule J: Your Expenses　　page 3